UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


UNITED STATES OF AMERICA,

        Petitioner,

v.                                               Case No. 8:16-mc-121-T-23AEP

BENJAMIN W. PARDUE, AS
PRESIDENT OF WESLEY PARDUE PA,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

      This is an action for judicial enforcement of an Internal Revenue Service ("IRS") Summons pursuant to 26 U.S.C. §§ 7402(b) and 7604(a).[1]  To obtain judicial enforcement of an Internal Revenue Service summons, the government must show: (1) the IRS investigation is being conducted for a legitimate purpose; (2) the inquiry may be relevant to the purpose; (3) the information sought is not already within the Commissioner's possession; and (4) the administrative steps required by the Internal Revenue Code have been followed.  *U.S. v. Powell*, 379 U.S. 48, 57-58 (1964); *see U.S. v. Clarke*, 134 S.Ct. 2361, 2365 (2014) (discussing the *Powell* factors in judicial enforcement actions).   Additionally, the government must demonstrate that no Justice Department referral is in effect with respect to the party contesting the summons.  *Elmes v. U.S. ex rel I.R.S.*, 264 F. App'x 776, 778 (11th Cir. 2008) (citing 26 U.S.C. § 7602(d)(1)).  As it has done in this instance, the government can satisfy its minimal burden simply by presenting a sworn affidavit of the agent who issued the summons attesting to these facts (Doc. 1-1).  *U.S. v. Medlin,* 986 F.2d 463, 466 (11th Cir. 1992) (citation omitted).

_____

[1]  This matter is referred to the undersigned pursuant to Local Rule 6.01(c)(11).

Once the IRS makes this showing, the burden shifts to the party contesting the summons to disprove at least one of *Powell's* four elements.  *Id.*  Alternatively, the protesting party could convince the court that the judicial enforcement of the summons would constitute an abuse of the court's process.  *Id.*  In any event, the burden on the contesting party is a heavy one which requires allegations of specific facts and the introduction of evidence.  *U.S. v. Leventhal,* 961 F.2d 936, 940 (11th Cir. 1992) (citations omitted).

On August 12, 2015, the IRS issued a summons directing Respondent Benjamin W. Pardue ("Respondent") to appear on September 10, 2015, before Revenue Officer S. R. Riggs ("Revenue Officer Riggs"), to give testimony and provide records (Doc. 1-2).  More specifically, the summons directed Respondent to give testimony and provide records pertaining to the financial accounts and interests for the fiscal periods ending December 31, 2009; December 31, 2010; December 31, 2011; December 31, 2012; December 31, 2013, and December 31, 2014, to assist in collection of the income tax liability for Wesley Pardue PA for the years 2009, 2010, 2011, 2012, 2013, and 2014, *i.e.*, the years in which no federal income tax return was filed (Doc. 1-2, at 1 & 3).  The following day, on August 13, 2015, Revenue Officer Riggs served a copy of the summons upon Respondent by personally handing Respondent an attested copy of the summons (Doc. 1-2, at 2).

According to Revenue Officer Riggs, Respondent left a voicemail message on September 10, 2015, the date Respondent was directed to appear before Revenue Officer Riggs, requesting an extension of time within which to comply with the summons (Doc. 1-1, at 2). Following that, Revenue Officer Riggs attempted to contact Respondent via telephone on several occasions but was unable to speak to Respondent.  Instead, Revenue Officer Riggs repeatedly left voicemail messages asking Respondent to call him to arrange an agreeable time for Respondent to appear and comply with the summons (Doc. 1-1, at 2).  Respondent failed to

2

return any of the phone calls from Revenue Officer Riggs and did not otherwise comply with the summons (Doc. 1-1, at 2).

Given Respondent's failure to comply with the summons, the government filed its Petition to Enforce Internal Revenue Summons (the "Petition") (Doc. 1).  By the Petition, the government seeks judicial enforcement of the IRS summons served upon Respondent on August 13, 2015.  Subsequently, on September 27, 2016, the undersigned issued an Order directing Respondent to appear before me on November 30, 2016, to demonstrate why he should not be compelled to comply with the summonses served upon him on August 13, 2015 (Doc. 2).  The Order also indicated that the government established its *prima facie* showing that the investigation is being conducted for a legitimate purpose, the inquiries may be relevant to that purpose, the information sought is not already within the IRS's possession, and the administrative steps required by the Internal Revenue Code have been substantially followed (Doc. 2, at 2; *see* Doc. 1-1).  Accordingly, the burden shifted to Respondent to oppose enforcement of the summons, and, as a result, Respondent was provided an opportunity to present any defense or opposition to the Petition prior to the hearing.

Respondent failed to present any defense or opposition to the Petition, however.  Rather, Respondent appeared at the Show Cause Hearing on November 30, 2016, and requested an extension to comply with the summons.  Following that, Respondent received several extensions to comply with the summons over the course of six months.  Notwithstanding, as of the date of this Order, Respondent has yet to comply with the summons served upon him on August 13, 2015 (*see* Doc. 20).  As a result, the government seeks to enforce the Petition against Respondent.

Here, the government clearly met its *Powell* requirements.  Accordingly, the burden passed to Respondent to disprove one of *Powell's* four elements or convince the Court that

enforcement of the summons would constitute an abuse of the Court's process.  Respondent failed to do so, however.  Indeed, despite multiple opportunities to present his arguments against enforcement, Respondent did not dispute the fact that the summons should be enforced.  Instead, Respondent continuously asked for extensions to comply with the summons, which the government graciously did not oppose.  Given the foregoing, Respondent failed to satisfy his burden.  Respondent having offered no reasons why the summons served upon him on August 13, 2015, should not be enforced, it is hereby

RECOMMENDED:

1.  The Petition to Enforce Internal Revenue Service Summons (Doc. 1) be GRANTED.

2.  The Court enforce the IRS summons served upon Respondent on August 13, 2015, and direct Respondent to appear before any person designated by the IRS in order to comply with the summons.

3.  The Clerk's Office is directed to mail a copy of this Report and Recommendation to Respondent in accordance with its standard procedures.

IT IS SO REPORTED in Tampa, Florida, on this 5th day of July, 2017.


ANTHONY E. PORCELLI
United States Magistrate Judge


cc:     Counsel of Record
        Respondent, *pro se*